# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5829 | **DATE** | October 3, 2011 |
| **CASE TITLE** | Quintin Bailey (K-62026) v. Sergeant Roy Martin, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $2.85 from Plaintiff's trust fund account and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the Pontiac Correctional Center trust fund office. The clerk shall issue summonses and attach a Magistrate Judge Consent Form for Will County Jail Officer Roy Martin. The clerk shall send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [**For further details see text below.**]　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　　Plaintiff, Quintin Bailey (K-62026), an inmate at the Pontiac Correctional Center, has filed this civil rights action pursuant to 42 U.S.C. § 1983 against Will County Jail Officer Roy Martin. Plaintiff's alleges an incident of excessive force that occurred while he was at the Will County Jail in September of 2009. Plaintiff seeks to file his complaint *in forma pauperis* ("IFP").

　　　Plaintiff's IFP application reveals that he cannot prepay the filing fee. His IFP motion is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), he is assessed an initial partial filing fee of $2.85. The trust fund officer at Plaintiff's place of confinement is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Pontiac Correctional Center officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

　　　Preliminary review of Plaintiff's complaint, *see* 28 U.S.C. § 1915A, reveals that Plaintiff has stated a colorable cause of action against Will County Jail Officer Roy Martin. Plaintiff alleges that, in response to him saying "[expletive deleted] you" to Martin, Officer Martin sprayed Plaintiff with pepper spray and beat him about the face and body. Other unknown officers allegedly also beat Plaintiff, resulting in Plaintiff having to receive stitches. Although the events leading to the pepper-spray incident are not entirely clear from Plaintiff's complaint, viewing all allegations and inferences in his favor, he has alleged enough such that Martin must respond to the complaint.
**(CONTINUED)**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　isk

| STATEMENT (continued) |
|---|

    Plaintiff may also be seeking to include claims against the unknown response team members. Once he discovers their names (he may propound such discovery on the attorney for Martin, when one enters an appearance), Plaintiff may seek to include them as Defendants. Plaintiff is advised, however, that there is a two-year limitations period for excessive force claims in Illinois, and naming the officers after the two-year limitations period has run may not relate back to the date he filed this complaint. *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (there is no relation back where the plaintiff simply did not know the identity of the defendant); *Washington v. Summerville*, 127 F.3d 552, 555 (7th Cir. 1997) (there is a two-year statute of limitations for § 1983 claims arising in Illinois).

    The United States Marshals Service is appointed to serve Will County Jail Officer Roy Martin. Any service forms necessary for Plaintiff to complete will be sent by the Marshal. Plaintiff's failure to return forms to the Marshal may result in dismissal of this case. With respect to any jail employee who can no longer be found at the address provided by Plaintiff, Will County Jail officials shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service, but will attempt to serve the Defendant personally if a waiver is not obtained.

    Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendant or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.